IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDDIE MACK STEWART, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-165 |
| | ) | |
| MEDICAL COLLEGE OF GEORGIA | ) | |
| HEALTH, INC., | ) | |
| | ) | |
| Defendant.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Aiken County Detention Center in Aiken, South Carolina, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at an Augusta hospital. On November 8, 2013, the Court directed Plaintiff to file an amended complaint due to deficiencies in his initial complaint and his subsequent attempts to comply with the Court's prior instructions to amend. (Doc. no. 11.) Plaintiff has now filed his amended complaint (doc. no. 12), which supersedes the original complaint in its entirety. See Pintado v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co.,

---

[1] In its Order of November 8, 2013, the Court noted that the named Defendant, Middle College of Georgia Health, Inc., does not appear to be an entity that operates a hospital in Augusta. (Doc. no. 11, p. 3 n.3.) Although Plaintiff has confirmed that this is the entity he intends to sue (doc. no. 12, p. 4), it is apparent that he actually intends to sue Medical College of Georgia Health, Inc. ("MCG"). Therefore, the Clerk is **DIRECTED** to modify the docket in accordance with the caption of this Report and Recommendation.

483 F.3d 1184, 1219 (11th Cir. 2007). Therefore, because he is proceeding *in forma pauperis*, the Court will proceed to screen Plaintiff's amended complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. SCREENING OF THE AMENDED COMPLAINT

A. BACKGROUND

In the amended complaint, Plaintiff names MCG as the lone defendant. (See doc. no. 12, pp. 1, 4.) However, Plaintiff also indicates he is waiting for medical records from MCG to learn the names of individuals involved in the alleged events. (Id. at 4-5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was taken to MCG, where he received successful surgery for gunshot wounds. (Id. at 5.) While recovering at MCG, Plaintiff experienced a "pocket infection" that required another surgery. (Id.) This operation left Plaintiff with "only a thin layer of skin holding [his] intestines inside" and limited his ability to lift objects. (Id.) Plaintiff underwent a skin graft operation to repair his stomach, but following surgery the treating interns were instructed to use "wet to dry" dressing, despite Plaintiff telling the instructing physician to use only dry dressings on the newly grafted area. (Id.) As a result, Plaintiff alleges, the skin graft operation was unsuccessful. (Id.) Plaintiff claims MCG is liable for his injuries stemming from the infection and failed skin graft operation, and requests monetary damages. (Id. at 6.) It appears that Plaintiff suffered the gunshot wounds during an attempted robbery, for which he was arrested and convicted. However,

2

the amended complaint provides no background information regarding Plaintiff's injuries or whether he had been arrested before he received the medical treatment at issue.

B.  DISCUSSION

   1.  **Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."

Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Amended Complaint Is Subject to Dismissal Because MCG Is Not Subject to Suit in Federal Court.

Plaintiff complains of treatment he received at MCG while recovering from surgery for gunshot wounds. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted, citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S.

4

651, 663 (1974); see also Stevens, 864 F.2d at 115 (Georgia DOC is barred from suit by Eleventh Amendment).

MCG is an instrumentality of the State of Georgia, and therefore is also immune from suit. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (looking to state law to determine the nature of entity at issue); McCafferty v. Medical College of Georgia, 287 S.E.2d 171, 174 (Ga. 1982), *overruled on other grounds by* Self v. City of Atlanta, 377 S.E.2d 674, 676 (Ga. 1989); see also Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985) (state universities are agencies or instrumentalities of the state for purposes of Eleventh Amendment immunity). Thus, MCG is immune from liability as to Plaintiff's claims and is not a proper Defendant in this case. Although Plaintiff indicates he is waiting for records to learn the names of the individuals involved, he cannot insert MCG as a placeholder and amend at his leisure to add parties. See Gillilan v. Thomas, CV 106-122, 2007 WL 118103, at *2 (S.D. Ga. Jan. 10, 2007); Gillilan v. Shaw, CV 106-123, 2006 WL 3783518, at *2 n.3 (S.D. Ga. Dec. 21, 2006).

**3. The Amended Complaint Is Subject to Dismissal for the Additional Reason that it Fails to State a Claim for Deliberate Indifference to a Serious Medical Need.**

Even if Plaintiff had asserted his claims against appropriate individuals, his allegations fail to state a claim for deliberate indifference to serious medical needs while in custody. To state a claim of deliberate indifference to serious medical needs under § 1983, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) a defendant acted with deliberate indifference to that need, and (3) his injury was caused by that defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir.

5

2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of stating an objectively serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To state a claim that MCG or its employees were deliberately indifferent to his medical needs, Plaintiff must allege that they: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently

harmful to evidence deliberate indifference to serious medical needs.
Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff's allegations fail to establish that MCG or any of its employees were deliberately indifferent to his medical needs. Plaintiff claims that he received successful surgery for multiple gunshot wounds, but "was allowed to catch a pocket infection." (Doc. no. 12, p. 5.) However, Plaintiff does not allege any wrongful conduct by MCG or its employees that caused this infection, instead stating in conclusory fashion, "That's clearly medical malpractice." (Id.) Plaintiff further alleges that his skin graft was unsuccessful because the hospital instructor told interns to apply "wet to dry" dressings, despite Plaintiff's instructions that they use only dry dressings. (Id.) Such conduct, even if it did cause the skin graft to fail, does not amount to any more than mere negligence or medical malpractice. Estelle, 429 U.S. at 105-06; Campbell, 169 F.3d at 1363-72. Furthermore, given the treatment Plaintiff claims he received, including surgery to remedy his infection and subsequent skin graft, it is clear that neither MCG nor its employees disregarded the risks to Plaintiff's health. Goebert, 510 F.3d at 1326. Thus, Plaintiff's allegations are insufficient to state a claim for deliberate indifference, even if he had named appropriate individuals as Defendants.

4. **The Amended Complaint Is Subject to Dismissal for the Additional Reason that Plaintiff Does Not Allege a Basis for Federal Jurisdiction Over His State-Law Medical Malpractice Claims.**

To the extent Plaintiff may be attempting to bring state law medical malpractice claims, the amended complaint would still be subject to dismissal. Under Fed. R. Civ. P. 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Because Plaintiff did not include any such statement in his amended complaint, it is subject to dismissal. See Scarborough v. Carotex Const., Inc., 429 F. App'x 870, 875 (11th Cir. 2011) (*per curiam*) (affirming dismissal where amended complaint failed to assert basis for federal question jurisdiction); Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1971) (*per curiam*) (affirming dismissal where federal diversity jurisdiction was not established at the time the complaint was filed).[2] Therefore, to the extent Plaintiff is attempting to bring state medical malpractice claims, such claims should be dismissed.

5. **The Amended Complaint Is Subject to Dismissal for the Additional Reason that Plaintiff Provided False Information in the Amended Complaint.**

A prisoner attempting to proceed IFP in a civil action in federal court, as the Plaintiff is in this case, must comply with the mandates of the PLRA. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.

Here, under penalty of perjury, Plaintiff stated that he had not previously begun any lawsuits in federal court. (Doc. no. 12, pp. 1-2.) However, the Court is aware that at the time Plaintiff filed his amended complaint, he had a related suit pending in federal court in South Carolina. See Stewart v. Guns and Ammo, 1:13-cv-01960 (D.S.C. Dec. 27, 2013). Thus, Plaintiff provided false information about his prior filing history in his amended complaint.

9

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted);[3] see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

---

[3] The Court in Parker thoughtfully ruled as follows:

> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Therefore, this case is also subject to dismissal because Plaintiff provided blatantly dishonest answers in his amended complaint.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the amended complaint be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of March, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

11